# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### NORTHERN DIVISION

**TIMOTHY MACK CLEMMONS**                                    **PETITIONER**
**ADC #099363**

**V.**                     **CASE NO. 1:17-CV-16-KGB-BD**

**WENDY KELLEY, Director,**                                    **RESPONDENT**
**Arkansas Department of Correction**

## RECOMMENDED DISPOSITION

### I.    Procedure for Filing Objections:

This Recommended Disposition ("Recommendation") has been sent to Judge
Kristine G. Baker. Either party to this suit may file written objections with the Clerk of
Court within fourteen (14) days of the filing of the Recommendation. Objections must be
specific and must include the factual or legal basis for the objection. An objection to a
factual finding must identify the finding of fact believed to be wrong and describe the
evidence that supports that belief.

By not objecting, any right to appeal questions of fact may be jeopardized. And, if
no objections are filed, Judge Baker can adopt this Recommendation without
independently reviewing the record.

### II.    Background:

On July 22, 2009, a Pulaski County jury found Petitioner Timothy Clemmons
guilty of three counts of unlawful discharge of a firearm from a vehicle for firing shots
from his car at the home of his ex-girlfriend. One of the shots severely injured a child
within the home. *Clemmons v. State*, 2010 Ark. App. 810, at 1; (docket Entry #6-2). Mr.

Clemmons was sentenced, both as a habitual criminal and under a firearm enhancement, to 72 years' imprisonment in the Arkansas Department of Correction. (#6-2) On December 8, 2010, the Arkansas Court of Appeals affirmed his conviction, rejecting his sufficiency, evidentiary, and suppression challenges. *Clemmons*, 2010 Ark. App. 810, at 1-3; (#6-5). Mr. Clemmons did not seek Arkansas Supreme Court review of that decision.

Mr. Clemmons also did not seek post-conviction relief under Arkansas Rule of Criminal Procedure 37. However, on July 24, 2012, he did file a *pro se* petition for state habeas relief in which he alleged, among other things, his actual innocence. See *State v. Clemmons*, 60-CR-07-1305[1]; (#6 at 2). By Order signed on April 1, 2013, the Pulaski County Circuit Court denied his petition without a hearing, finding that none of the claims were cognizable under the governing habeas law. *Id*. On October 24, 2013, the Arkansas Supreme Court likewise denied relief and dismissed his appeal of the denial of state-habeas relief finding that he could not prevail on appeal. *Clemmons v. State*, 2013 Ark. 420, at 2-3 (*per curiam*); (#6-6).

Mr. Clemmons next petitioned the Arkansas Supreme Court on December 2, 2016, for permission to return to the circuit court to pursue error *coram nobis* relief. (#6-7) That Court denied his petition by order issued on March 2, 2017. *Clemmons v. State*, 2017 Ark. 75, at 6 (*per curiam*); (#6-9).

Mr. Clemmons initiated the instant petition on March 21, 2017, on several grounds: his right to due process was violated when he was convicted based on the

---

[1] Docket sheet found at https://caseinfo.aoc.arkansas.gov/cconnect.

perjured testimony of Officer Barry Brewer; his convictions violated the double-jeopardy clause; the prosecutor knowingly presented false testimony by allowing a known perjurer to testify; he was denied the right to confront his arresting officer; the prosecutor withheld an exculpatory witness statement that his car had been misidentified as having been at the scene; and he was unconstitutionally searched and seized. (#1)

The Respondent contends that Mr. Clemmons's claims are barred by the applicable statute of limitations or, alternatively, are procedurally defaulted, are not cognizable in federal habeas law, have no merit, and are precluded because the state court's merits decision is due deference. (#6) In response, (#10, #16, #17 #18), Mr. Clemmons attempts to overcome the time bar by asserting his actual innocence. Specifically, he alleges that he was "framed" (#10 at 4) for the crimes and that newly discovered evidence, an affidavit from Tony Jackson (#16) not discovered until January 21, 2016, (#18) supports his claim.

## III.    Discussion:

### A.    *Statute of Limitations*

The instant Petition is untimely.[2] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year limitations period for a state prisoner to file a federal habeas corpus petition under 28 U.S.C. § 2254. 28 U.S.C. § 2244(d)(1). The triggering date in this case was "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28

---

[2] Because Mr. Clemmons' claims are barred by the statute of limitations, there is no point in addressing the other arguments raised by Respondent in her response.

3

U.S.C. § 2244(d)(1)(A). When a criminal defendant fails to seek discretionary review of his criminal conviction in the state's highest court, his judgment becomes final when the time for seeking such review expires. *Gonzalez v. Thaler*, 565 U.S. 134, 154 (2012).

Here, Mr. Clemmons had 18 days from the entry of the December 8, 2010 decision of the Arkansas Court of Appeals that affirmed his conviction; that is, until December 26, 2010, to file a petition for review with the Arkansas Supreme Court. ARK. SUP. CT. R. 2-4(a) (stating petitions for review must be filed within 18 calendar days of the date of the Arkansas Court of Appeals's decision). Because December 26th fell on a Sunday, however, the deadline rolled to Monday, December 27, 2010. See ARK. R. APP. P.–CRIM. 17. Therefore, the federal one-year limitation period began to run no later than December 27, 2010 and expired by December 27, 2011.  Mr. Clemmons, however, did not file his petition until March 21, 2017, over five years after the statute of limitations had expired. Accordingly, there can be no dispute that Mr. Clemmons's petition is barred by the statute of limitations. 28 U.S.C. § 2244(d)(1)(A).

B.     *Tolling*

The federal habeas statute provides for tolling during the pendency of a "properly filed application for State post-conviction or other collateral review." 28 U.S.C. §2244(d)(2). Further, while the limitations period in § 2244(d)(1) is subject to equitable tolling, *Holland v. Florida*, 560 U.S. 631, 645 (2010), in order to benefit from that relief, a petitioner must show that he pursued his rights diligently but that some extraordinary circumstances stood in his way and prevented a timely filing. *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Although Mr. Clemmons sought both state

4

habeas and error *coram nobis* relief, both of those petitions were filed *after* the December 27, 2011 deadline for filing a federal habeas petition had run. Thus, those petitions had no statutory tolling effect. Further, Mr. Clemmons does not point to any action or circumstance attributable to the State – or to any other cause – that prevented him from bringing a timely federal habeas petition. Consequently, he is not entitled to equitable tolling.

    C.    *Actual Innocence*

The United States Supreme Court has held that actual innocence, if proved, serves as a gateway through which a petitioner may pass to overcome the expiration of the statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, __, 133 S. Ct. 1924, 1928 (2013). The *McQuiggin* Court cautioned, however, that "tenable actual-innocence gateway pleas are rare," and that "a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).

The actual-innocence exception requires a habeas petitioner to come forward with "new reliable evidence" that was "not available at trial through the exercise of due diligence." *Schlup*, 513 U.S. at 324; *Kidd v. Norman*, 651 F.3d 947, 953 (8th Cir. 2011), *cert. denied*, 568 U.S. 838 (2012). Here, Mr. Clemmons has not come forward with new evidence to establish his actual innocence.

In determining the sufficiency of the evidence to support his convictions, the Arkansas Supreme Court summarized the evidence as follows:

Here, there was evidence that five shots were fired at the home of appellant's ex-girlfriend, that four of the shots hit the home, two of the shots entered the bedroom where his ex-girlfriend was on the bed playing with her children, and that one of these bullets severely injured one of the children. Just prior to the shooting, appellant had been engaged in an angry telephone conversation with his ex-girlfriend prompted by jealousy and had asked her where in the house she was located. The telephone call ended immediately upon the shots being fired, and appellant did not call back or answer his telephone when called. Police officers soon afterward found four shell casings in the street outside the home. An eyewitness testified that the shots were fired from a dark car with tinted windows, larger than a Honda Civic, that was parked at the side of the house and that sped off afterward. Acting on the ex-girlfriend's belief that appellant was the shooter, police officers went to appellant's home. They found that his car, a black Honda Accord, was still warm to the touch, and a shell casing was found on the floorboard behind the driver's seat. A ballistics expert testified that the shell casing found in appellant's car was fired from the same gun as the casings found in the street. He also stated that live ammunition found in appellant's garage matched the shell casings found at the scene and in appellant's car. We hold that this proof is substantial evidence to support appellant's convictions.

*Clemmons*, 2010 Ark. App. 810, at 2-3.

Mr. Clemmons's claim of actual innocence rests on the assertion that a previously unknown party, Tony Jackson, saw someone plant evidence in his car – specifically, the spent shell casing linking him to the shooting. In support of this claim, Mr. Clemmons asserts that he first learned of Mr. Jackson's claims on January 21, 2016 (#18), when Mr. Jackson came forward with an affidavit stating:

A[n] unmarked looking car pull[ed] up with no lights on top[,] kind of brown or gold looking with tint on it[,] pulled up and a white male got out and walked up the driveway with his flashlight[,] took something small out of his pockit [sic] and threw it in the car and close[d] the door[.] [A]nd Tim Clemmons was like coming up the road to his house in the driveway.

(#2 at 12, #17 at 7) Without commenting on whether such an affidavit would actually support an actual innocence claim, it must be noted that Mr. Clemmons's claim cannot

succeed because he has failed to produce the affidavit upon which his actual innocence claim is based. Thus, he has offered no new reliable evidence that he is actually innocent, but instead, a conclusory statement bereft of any evidentiary support. This is plainly inadequate to invoke any innocence-based exception to the statute of limitations. See *McQuiggin*, 569 U.S. at 1935-36 (2013); *Amrine v. Bowersox*, 238 F.3d 1023, 1029 (8th Cir. 2001). In sum, without evidence of his actual evidence, Mr. Clemmons cannot overcome his failure to timely file his federal habeas petition. §2244(d).

## IV.  **Certificate of Appealability:**

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability. Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court. The Court can issue a certificate of appealability only if Mr. Clemmons has made a substantial showing that he was denied a constitutional right.  28 U.S.C. § 2253(c)(1)-(2). In this case, Mr. Clemmons has not provided a basis for the Court to issue a certificate of appealability. Accordingly, a certificate of appealability should be denied.

## V.  **Conclusion:**

Mr. Clemmons's petition is time barred. Accordingly, the Court recommends that his petition for writ of habeas corpus (#2) be DISMISSED with prejudice. The Court further recommends that no certificate of appealability be issued.

DATED this 6th day of November, 2017.

_____
UNITED STATES MAGISTRATE JUDGE