# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

| | |
|---|---|
| TIMOTHY MACK CLEMMONS<br>ADC #099363 | PETITIONER |
| v.  Case No. 1:17-cv-00016-KGB/BD | |
| WENDY KELLEY, Director<br>Arkansas Department of Correction | RESPONDENT |

## ORDER

The Court has received a Recommended Disposition from United States Magistrate Judge Beth Deere (Dkt. No. 19). Petitioner Timothy Mack Clemmons filed objections (Dkt. Nos. 20, 21, 25). After careful review of the Recommended Disposition, a *de novo* review of the record, and a review of all of Mr. Clemmons' objections thereto, the Court adopts the Recommended Disposition and dismisses Mr. Clemmons' petition with prejudice (Dkt. No. 19).

### I.     Background

Here, the Recommended Disposition decides the matter on procedural grounds, ultimately concluding that Mr. Clemmons' petition must be dismissed because he is in procedural default and his petition is time-barred by the Antiterrorism and Effective Death Penalty Act ("AEDPA") one-year statute of limitations period for a state prisoner to file a federal habeas corpus petition under 28 U.S.C. § 2254.  28 U.S.C. § 2244(d)(1). As set forth in the Recommended Disposition, Judge Deere determines that Mr. Clemmons is not entitled to equitable tolling of the AEDPA's one-year statute of limitations because Mr. Clemmons filed his state petitions for habeas and *coram nobis* relief after the one-year statute of limitations to file his federal habeas corpus petition had run, and he failed to demonstrate the requisite diligence (Dkt. No. 19, at 4-5). Further, Judge Deere recommends that Mr. Clemmons' procedural default not be excused because Mr. Clemmons failed

to present sufficient evidence to demonstrate that he is entitled to the "actual innocence" exception to the one-year statute of limitations under the AEDPA (*Id.*, at 5-7).

In his objections, Mr. Clemmons reasserts his actual innocence and argues that, because Judge Deere ignored the affidavit of Tony Jackson, a "new eyewitness," the Court should not adopt the Recommended Disposition and should therefore excuse his procedural default and equitably toll the one-year statute of limitations that applies to his federal habeas corpus petition (Dkt. No. 20, at 1-2). The Court notes that, at the time Judge Deere issued the Recommended Disposition, Mr. Clemmons had failed to present Mr. Jackson's affidavit for consideration (Dkt. No. 19, at 6-7). Mr. Clemmons has now presented a copy of that affidavit, along with his objections to the Recommended Disposition (Dkt. No. 21, at 16). Furthermore, after Judge Deere issued the Recommended Disposition, Mr. Clemmons filed a motion to supplement claim, in which he states that he is "not adding a new claim" but rather seeks to "strengthen" his prior claim (Dkt. No. 28, at 1-2). In this motion, Mr. Clemmons states that: (1) evidence in his case—shell casings—was omitted from the record, depriving him of a fair trial; (2) police officers and investigators offered false testimony at trial; and (3) the Arkansas Court of Appeals erroneously held that there was no dispute as to whether he verbally consented to a search (*Id.*, at 2-5). While the Court has the discretion to construe a prisoner plaintiff's objections to a magistrate judge's report as a motion for leave to amend the complaint, *see Kaden v. Slykhuis*, 651 F.3d 966, 968 (8th Cir. 2011) (unpublished per curiam), the Court declines to do so in this instance since Mr. Clemmons has specifically indicated that he does not intend to bring a new claim. Rather, the Court grants Mr. Clemmons' motion to supplement claim (Dkt. No. 28) and treats it as a supplemental objection to the Recommended Disposition.

to present sufficient evidence to demonstrate that he is entitled to the "actual innocence" exception to the one-year statute of limitations under the AEDPA (*Id.*, at 5-7).

In his objections, Mr. Clemmons reasserts his actual innocence and argues that, because Judge Deere ignored the affidavit of Tony Jackson, a "new eyewitness," the Court should not adopt the Recommended Disposition and should therefore excuse his procedural default and equitably toll the one-year statute of limitations that applies to his federal habeas corpus petition (Dkt. No. 20, at 1-2). The Court notes that, at the time Judge Deere issued the Recommended Disposition, Mr. Clemmons had failed to present Mr. Jackson's affidavit for consideration (Dkt. No. 19, at 6-7). Mr. Clemmons has now presented a copy of that affidavit, along with his objections to the Recommended Disposition (Dkt. No. 21, at 16). Furthermore, after Judge Deere issued the Recommended Disposition, Mr. Clemmons filed a motion to supplement claim, in which he states that he is "not adding a new claim" but rather seeks to "strengthen" his prior claim (Dkt. No. 28, at 1-2). In this motion, Mr. Clemmons states that: (1) evidence in his case—shell casings—was omitted from the record, depriving him of a fair trial; (2) police officers and investigators offered false testimony at trial; and (3) the Arkansas Court of Appeals erroneously held that there was no dispute as to whether he verbally consented to a search (*Id.*, at 2-5). While the Court has the discretion to construe a prisoner plaintiff's objections to a magistrate judge's report as a motion for leave to amend the complaint, *see Kaden v. Slykhuis*, 651 F.3d 966, 968 (8th Cir. 2011) (unpublished per curiam), the Court declines to do so in this instance since Mr. Clemmons has specifically indicated that he does not intend to bring a new claim. Rather, the Court grants Mr. Clemmons' motion to supplement claim (Dkt. No. 28) and treats it as a supplemental objection to the Recommended Disposition.

## II. Timeliness

First, the Court agrees with Judge Deere that Mr. Clemmons' petition is untimely. The AEDPA establishes a one-year limitations period for a state prisoner to file a federal *habeas corpus* petition under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d)(1). In Mr. Clemmons' case, the one-year period was triggered when the time for seeking direct review of his final conviction expired. 28 U.S.C. § 2244(d)(1)(A). As explained in more detail in the Recommended Disposition, because Mr. Clemmons failed to file a petition for review with the Arkansas Supreme Court, the federal one-year limitation period expired by December 27, 2011, more than five years before Mr. Clemmons filed his present petition.

Second, the Court also agrees that Mr. Clemmons is not entitled to statutory tolling of the one-year statute of limitations. The federal *habeas* statute provides for tolling during the pendency of a "properly filed application for State post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2). The Eighth Circuit Court of Appeals has held that a state collateral proceeding cannot toll the one-year limitations period in § 2244(d)(1) if such state proceedings are initiated *after* the one-year limitations period has run. *Gray v. Gammon*, 283 F.3d. 917, 918 (8th Cir. 2002) (per curiam), *cert. denied*, 283 F.3d 917 (2002). Finally, while the Supreme Court has held that the one-year limitations period may be equitably tolled due to "extraordinary circumstances," *see Holland v. Florida*, 560 U.S. 631, 645 (2010), Mr. Clemmons has not pointed to any action or circumstance that prevented him from bringing a timely federal *habeas* petition. Accordingly, the Court concludes that he is not entitled to equitable tolling of § 2244(d)(2)'s one-year limitations period.

### III. Actual Innocence

The Court agrees with Judge Deere that Mr. Clemmons has not met the high threshold to show "actual innocence" so as to overcome the expiration of the statute of limitations. A *habeas* petitioner's claim of actual innocence is "a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Schlup v. Delo*, 513 U.S. 298, 315 (1995) (citation omitted). The Supreme Court has cautioned that "tenable actual-innocence gateway pleas are rare" and that "a petitioner does not meet the threshold requirement unless he persuades the district that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (quoting *Schlup*, 513 U.S. at 329). For the actual innocence exception to apply, a habeas petitioner must come forward with new reliable evidence that was "not available at trial and could not have been discovered earlier through the exercise of due diligence." *Amrine v. Bowersox*, 238 F.3d 1023, 1029 (8th Cir. 2001). As explained, after Judge Deere entered the Recommended Disposition, Mr. Clemmons filed a copy of Mr. Jackson's affidavit. In this affidavit, Mr. Jackson asserts the following:

> I was in the house next to Tim Clemmons['] house when I saw lights outside the window of the house, and I looked out the window and seen [sic] the police in front of Tim Clemmons['] house. It was just 2 cars at first with lights on top of them, [and] two officers got out of their cars and went to the front door, I don't think nobody came to the door[,] then they like went on [the] side of the house in the drive way going around to the back of the house, and it was like 5 or 6 minutes or so and while they were around the back of the house an unmarked looking car pulled up with no lights on top, kind of brown or gold looking with tint on it, pulled up and a white male got out and walked up the drive way with his flash light out to the driver side of Tim Clemmons' "Honda" open[ed] the door and took something small out of his pocket and threw it in the car and close[d] the door . . . .

(Dkt. No. 21, at 16). Furthermore, in his motion to supplement claim, Mr. Clemmons asserts that certain evidence is missing from the record, false testimony was offered at trial, and the Arkansas

4

Court of Appeals committed an error (Dkt. No. 28). In support of these assertions, Mr. Clemmons presents the following documents: (1) a "Specialist's Report" that indicates that five shell casings were delivered to the Arkansas State Crime Lab for analysis; (2) police reports; (3) an Arkansas Supreme Court opinion; and (4) the Circuit Court of Jefferson County, Arkansas' opinion dismissing his petition for writ of *habeas corpus* (*Id.*, at 7-16).

The Court rejects Mr. Clemmons' argument that he has presented new and reliable evidence of actual innocence to excuse his procedural default. Assuming that Mr. Jackson's affidavit relays accurate information, Mr. Clemmons presents no reason why Mr. Jackson could not have presented his testimony at trial or why such evidence could not have been discovered through the exercise of due diligence. *See Amrine*, 238 F.3d at 1029. As for the arguments and exhibits presented in Mr. Clemmons' motion to supplement claim, it is not clear to the Court that this is "new" evidence: Mr. Clemmons does not assert or otherwise demonstrate that the evidence presented in that motion was not presented to the trial court. Furthermore, even if such evidence is new, Mr. Clemmons has failed to explain why such evidence could not have been presented at trial. Accordingly, because Mr. Clemmons has failed to come forward with new reliable evidence which was not available at trial through the exercise of due diligence, the Court finds that the actual innocence exception to the one-year statute of limitations does not apply. The Court concludes that Mr. Clemmons cannot overcome his failure to file timely his federal habeas petition. Consistent with the Court's discussion above, the Court adopts the Recommended Disposition in its entirety as this Court's findings in all respects (Dkt. No. 19).

## IV. Certificate Of Appealability

The Court denies Mr. Clemmons' request for a certificate of appealability because Mr. Clemmons has not made a substantial showing of a denial of a constitutional right. *See* 28 U.S.C.

5

§ 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (determining that a substantial showing of the denial of a federal right requires a demonstration that reasonable jurists could debate whether, or for that matter agree that, the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further).

**V.    Conclusion**

It is therefore ordered that:

1.    Consistent with the discussion above, the Court adopts the Recommended Disposition in its entirety (Dkt. No. 19).

2.    The Court dismisses Mr. Clemmons' petition with prejudice and denies the requested relief (Dkt. No. 2).

3.    The Court grants the pending motion for status report (Dkt. No. 26).

4.    The Court grants the pending motion to supplement claim (Dkt. No. 28).

So ordered this the 8th day of November, 2018.

Kristine G. Baker
United States District Judge